IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EMMA, INC.                              )
                                        )
v.                                      ) NO. 3-11-0926
                                        ) JUDGE CAMPBELL
MICROSTRATEGY, INC.                     )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 26). For the reasons stated herein, Plaintiff's Motion is GRANTED, and the Counterclaim herein is DISMISSED.

FACTS

Plaintiff's Complaint alleges trademark infringement by Defendant of Plaintiff's mark, which is emma ®. Plaintiff alleges causes of action for trademark infringement, unfair competition, trademark dilution, and unjust enrichment. Docket No. 1. Plaintiff seeks judgment, damages, and injunctive relief. *Id*.

Defendant's Counterclaim alleges that Defendant is not infringing Plaintiff's mark and asks the Court to dismiss Plaintiff's Complaint, to declare that Defendant's mark does not infringe Plaintiff's mark, and to declare that Defendant can continue to use its mark. Docket No. 22.

Plaintiff has moved to dismiss the Counterclaim, alleging that it is redundant of Plaintiff's Complaint and that there is no actual controversy about one of Defendant's issues.[1]

---

[1] Plaintiff apparently misunderstood Defendant's request for declaratory judgment, believing that Defendant sought a declaratory judgment that the two parties could both continue to exist. Defendant has clarified that it is actually seeking a declaratory judgment that the two parties may both continue to use the subject marks. Docket No. 35.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## COUNTERCLAIM

Plaintiff contends that Defendant's Counterclaim for a declaratory judgment is redundant of Plaintiff's own claims herein. The Counterclaim seeks dismissal of Plaintiff's claims and a declaratory judgment that Defendant is not infringing Plaintiff's mark and that Defendant and Plaintiff may both continue to use their respective marks. Docket No. 22.

In order for Plaintiff to succeed on its claims, the Court or jury will have to find that Defendant is infringing Plaintiff's mark. Implicit in any such finding is a declaratory judgment that Defendant either is or is not infringing Plaintiff's mark. Moreover, implicit in any ruling on Plaintiff's request for injunctive relief would be a decision as to whether Defendant and Plaintiff may both continue to use their respective marks.

A court should dismiss a redundant counterclaim when it is clear that there is complete identity of factual and legal issues between the complaint and the counterclaim. *Richmond v. Centurion Exteriors, Inc.*, 2010 WL 3940592 at * 1 (M.D. Tenn. Oct. 6, 2010). Here, the Court finds that Defendant's counterclaim would be rendered moot by an adjudication of Plaintiff's claims. Accordingly, Plaintiff's Motion to Dismiss is GRANTED, and Defendant's Counterclaim (Docket No. 22) is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE